# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RESICOM CUSTOM PAINTING AND MAINTENANCE, INC., an Illinois corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 14 C 9190 |
| PROFESSIONAL RETAIL SERVICES, INC., a New York corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

In response to this Court's January 21, 2015 memorandum order, counsel for defendant Professional Retail Services, Inc.[1] have belatedly provided a copy of PRS' Answer to the Complaint brought by Resicom Custom Painting and Maintenance, Inc. ("Resicom") together with payment of the $100 fine ascribable to counsel's prior noncompliance with LR 5.2(f). That Answer has regrettably not complied with the requirement of LR 10.1 that responsive pleadings must first set out each allegation being responded to (a matter normally complied with by a direct quotation of the applicable Complaint paragraph), then follow with the response to that allegation.

Lest it be thought that LR 10.1 imposes an inappropriate burden, counsel should recognize that the effect of noncompliance is to compel the reader (whether this Court or Resicom's counsel) to skip back and forth from one document to another to determine what matters are and what matters are not placed in issue. So a reference to a string of paragraphs in

---

[1] This Court will follow counsel's lead in referring to their client as "PRS" in this memorandum order.

the Complaint identified only by their paragraph numbers (in this instance one of those strings listed by PRS' counsel comprises no fewer than 16 different paragraphs!!) is far more awkward, and imposes a far greater burden (and an inappropriate one) on the reader, than would be involved if the pleader conformed to the LR.  Hence the Answer is stricken, but with leave granted to file an appropriate self-contained Amended Answer on or before February 12, 2015.

Because PRS' counsel must thus return to the drawing board in any event, this memorandum order also goes on to address the claimed affirmative defenses ("ADs") that occupy the bulk of the current filing.  Here are the numerous problems that this Court has perceived on an initial review, although what follows may not be fully inclusive of the flaws in that filing:

1. AD 1 (Answer ¶¶ 4-5), which is really a Fed. R. Civ. P. ("Rule") 12(b)(6) motion, is really not properly presented as a latent bomb, to sit there ticking while the litigation goes forward (note that this so-called AD is conspicuously absent from the laundry list set out in Rule 8(c)(1)).  If PRS' counsel wish to attack the viability of the Complaint as presented, the appropriate way to do so is at the very outset through the filing of a motion with an appropriate supporting memorandum.

2. AD 2 (Answer ¶¶ 6-8) ignores a fundamental principle of federal pleading that permits the advancement of inconsistent claims (see Rule 8(d)(3)). Hence the assertedly inconsistent claim presented in the cited New York litigation does not support the "necessary and indispensable party" challenge made by PRS' counsel -- but more on this subject in the ensuing discussion of AD 6.

3. AD 3 (Answer ¶¶ 9 and 10) is not a Rule 8(c) candidate -- if anything, it falls under the already-discussed Rule 12(b)(6) rubric.

4. Counsel has included a second contention that is also mistakenly labeled as another AD 3 (Answer ¶¶ 11 and 12), but what has just been said as to the first purported AD 3 applies with equal force here. Moreover, an evidentiary objection is at odds with the basic federal concept of notice (and not fact) pleading.

5. That is true as well as to AD 4 (Answer ¶¶ 13 and 14) and AD 5 (Answer ¶¶ 15 and 16).

6. As for the portion of AD 6 embodied in Answer ¶ 17, its challenge to venue in this judicial district is unsound because the Complaint's allegations (see, e.g., Complaint ¶ 7), taken as true as they must be for AD purposes, properly qualify this action for pursuit in this judicial district (although this Court expresses no view as to the possible appropriateness of a motion under 28 U.S.C. § 1404(a)). In the latter respect, the portion of AD 6 that seeks a transfer to the United States District Court for the Eastern District of New York calls for a less conclusory supporting submission by PRS, and if it wishes to pursue that avenue it is ordered to provide such a submission -- also on or before February 12, 2015.[2]

7. AD 7, though the defenses advanced there are appropriately within the scope of Rule 8(c), should be fleshed out by something more than the

---

[2] This Court can then determine the appropriate further course of action on that score.

mere conclusory listing of those defenses. Again an appropriate fleshing out is called for so that plaintiff's counsel has a more specific target for a response.

8. Finally, AD 8 states PRS' intention to repay any sums that it had received from Resicom by February 1 (a date that will arrive before the parties' counsel receive this memorandum order). If Resicom's Complaint is viable, however, that will not necessarily moot the matter because of the potential for an award of damages beyond simple reimbursement.

In sum, PRS' current pleading is stricken in its entirety, obviously without prejudice to its filing of an appropriate self-contained Amended Answer, including any appropriate ADs, on or before February 12, 2015. No change is made in the previously scheduled April 8 status hearing date.

Milton I. Shadur
Senior United States District Judge

Date: January 30, 2015