IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RESICOM CUSTOM PAINTING AND )
MAINTENANCE, INC., an Illinois corporation, )
                                                                                      )
                Plaintiff, )
                                  )
      v. )      Case No. 14 C 9190
                                  )
**PROFESSIONAL RETAIL SERVICES, INC.**, )
a New York corporation, )
                                  )
                Defendant. )

## MEMORANDUM OPINION AND ORDER

Counsel for defendant Professional Retail Services, Inc.[1] have filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Resicom Custom Painting and Maintenance, Inc. ("Resicom"). This Court had earlier orally upheld PRS's opposition to the Complaint's Count I breach of contract position for obvious reasons that need not be repeated for present purposes, but for equally obvious reasons it has upheld Resicom's Count II unjust enrichment claim against PRS's Fed. R. Civ. P. ("Rule") 12(b)(6) attack. But thus obligated to address Count II with a merits-related answer, PRS's counsel have tendered an extraordinarily troubling -- indeed, meretricious -- response that calls for their return to the drawing board.

      Before turning to the substantive deficiencies in that responsive pleading, however, this opinion addresses a couple of other issues of lesser magnitude. One is PRS's counsel's repeated coupling of Rule 8(b)(5) disclaimers with the language "and therefore denies" the disclaimed

---

[1] This Court will follow counsel's lead in referring to their client as "PRS" in this memorandum opinion and order.

allegation of the Complaint (see Answer ¶¶ 2, 4, 6, 12, 13, 14, 16 and 35).[2]  But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it.  Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer and must not be repeated in the do-over ordered in this opinion.

Next in order of appearance in the Answer is its Paragraph 5 denial that venue in this judicial district is "proper."  As this Court's January 30, 2015 memorandum order has already held, it is indeed "proper" for Resicom to have brought that action here -- that is, the Northern District of Illinois plainly meets the statutory venue standards.

One last threshold comment relates to PRS's counsel's repetitive use of the pejorative term "mere corporate buzzwords" in each of Answer ¶¶ 19 through 23.  Any such editorial comment is out of place in serious federal pleading and is stricken, also not to be repeated in the amended responsive pleading that will be called for later by this opinion.

Moreover, to the extent that PRS's counsel seek to rely on an April 14, 2014 demand letter authored by their adversary's attorneys that had mistakenly referred to related corporation Resicom Group, Inc. ("Resicom Group") as having provided PRS with the services and funds that constitute the gravamen of the current Complaint, that error cannot be permitted to torpedo this lawsuit.  Indeed, PRS has always known that Resicom and not Resicom Group is the proper

_____
    [2]  If this Court's threshold runthrough of the Answer has missed any other instances of that impropriety, what is said in the text of course applies to those as well.  It should also be added that no judgment is expressed here as to the legitimacy or bona fides (or as to the possible lack of legitimacy or bona fides) of those disclaimers as such.

plaintiff in any unjust enrichment claim: Ex. G among the bulky exhibits attached to PRS's current Answer (exhibits that occupy more than 120 pages in the aggregate) includes photocopies of checks from Resicom (and not from Resicom Group).

Most significant, the efforts by PRS and its counsel to say "Gotcha!" and somehow get a free ride avoiding repayment of the large sums made available to PRS will not be tolerated. PRS's laundry list of multiple claimed repayments in AD 5 gives the lie to any such approach by plainly recognizing the obligation to make such repayment (although the quantification of that obligation of course remains for the future). Even PRS and its counsel do not have the chutzpah to treat Resicom as though it were some sort of eleemosynary institution or foundation, providing large sums of money to an unrelated company such as PRS with no expectation of repayment or other counter-benefit.

In sum, this Court strikes the entire Answer and ADs, albeit without prejudice to PRS's prompt filing of a proper responsive pleading that will move the case forward in an appropriate fashion. This Court will not draw an express road map in that regard for counsel, who must generate a work product that satisfies the subjective and objective good faith standards prescribed by Rule 11(b) and by the counterpart provisions of 28 U.S.C. § 1927 that can give rise to attorney accountability.[3]

 

_____
                            Milton I. Shadur  
Date: March 16, 2015                    Senior United States District Judge

_____

[3] Counsel should give particular attention to the ADs, for ADs 1, 2 and 4 (respectively asserting estoppel, res judicata and lack-of-standing defenses) are empty of substantive merit, while AD 3 (purporting to set up a statute of frauds defense) will not fly as to Resicom's unjust enrichment claim (though it did have purchase on the earlier-dismissed breach of contract claim).