IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RESICOM CUSTOM PAINTING AND )
MAINTENANCE, INC., an Illinois corporation, )
                                        Plaintiff, )
                                        v. )   Case No. 14 C 9190
PROFESSIONAL RETAIL SERVICES, INC., )
a New York corporation, )
                                        Defendant. )

## MEMORANDUM ORDER

Nearly three years into the litigation of this case brought by Resicom Custom Painting and Maintenance, Inc. ("Resicom") against Professional Retail Services, Inc. ("PRS"), plaintiff Resicom now seeks leave to file a First Amended Complaint ("FAC") that advances a promissory estoppel theory of recovery (Dkt. No. 67). On July 26 PRS has responded with its lawyer-drafted "Affirmation in Opposition to Plaintiff's Motion for Leave To File a First Amended Complaint" (Dkt. No. 80), which clearly scotches Resicom's belated contention.

For a quarter century this Court has sought to preach the gospel taught by such cases as NAACP v. Am. Family Mut. Ins. Co., 978 F. 2d 287 (7th Cir. 1992) and Bartholet v. Reishauer A.G.(Zurich), 953 F.2d 1073 (7th Cir. 1992) -- cases that properly decry the all-too-common practice of substituting the state courts' "cause of action" approach for the federal concept of "claim for relief," with the former approach employing a different count (despite the more restrictive language of Fed. R. Civ. P. 10(b)) to set out each so-called "cause of action." Resicom's current effort exemplifies that approach.

Even more tellingly, the PRS Affirmation exposes the bogus nature of Resicom's assertion that it has only recently discovered the predicate for its promissory estoppel theory of recovery. PRS' attorney has quoted from our Court of Appeals' opinion in <u>Dumas v. Infinity Broad. Corp.</u>, 416 F.2d 671, 678-79 (7th Cir. 2005) (see Affirmation ¶ 22), and the quoted language is spot on -- it could well have been written for this case.

In sum, Resicom's Dkt. No. 67 motion is denied. This action will continue to go forward on the single theory of recovery that has survived in the original Complaint.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: August 1, 2017