IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RESICOM CUSTOM PAINTING AND MAINTENANCE, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL RETAIL SERVICES, INC., a New York corporation,<br><br>Defendant. | No. 14 CV 09190<br><br>Judge Elaine Bucklo<br><br>Magistrate Judge Michael T. Mason |

## ORDER

WRITTEN opinion entered by the Honorable Michael T. Mason: For the reasons set forth below, plaintiff Resicom Custom Painting and Maintenance's motion to compel [85] is granted in part and denied in part. Plaintiff's motion for leave to file a reply [101] is denied. Status hearing scheduled for September 28, 2017 at 10:00 a.m.

## STATEMENT

Plaintiff Resicom Custom Painting and Maintenance ("plaintiff") filed a lawsuit against defendant Professional Retail Services ("defendant") alleging claims of breach of contract and unjust enrichment. The parties engaged in mediation but were unable to reach a resolution. Based on the mediation schedule and following an agreed motion for an extension of time, the Court extended fact discovery until August 1, 2017. On August 17, 2017, pursuant to this Court's order, plaintiff filed this present motion to compel.

Plaintiff's motion [85] raises a number of issues regarding defendant's response to plaintiff's first set of requests for admission ("requests to admit"), first set of supplemental interrogatories, and second supplemental request to produce. Both parties include unnecessary arguments and assertions about the opposing side that are not at issue before this Court. Given the specifics of the discovery requests at issue, the Court will address each discovery requests individually.

## LEGAL STANDARD

Rule 36(a) of the Federal Rules of Civil Procedure addresses the requirements for requests to admit:

> (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> (4) *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows the parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." For each item requested, the objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

"In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted); *see Cannon v. Burge*, No. 05 C 2192, 2010 WL 3714991, at *1 (N.D. Ill. Sept. 14, 2010) ("The federal discovery rules are liberal in order to assist in trial preparation and settlement."). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process," and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish*, 235 F.R.D. at 450.

## ANALYSIS

As an initial matter, in addition to requesting that certain answers be compelled or documents produced, plaintiff asks the Court to bar defendant from introducing any information or documents that it did not identify or produce in discovery. Whether or not certain documents or information are barred for summary judgment purposes or at trial is a matter for the District Court to determine. Additionally, in its response [98], defendant amends certain answers to requests to admit, requests for production, and an interrogatory. While the updated information is important for this Court's consideration, defendant must properly amend and serve its verified amended responses to discovery and requests to admit.

2

**Requests to Admit**

In their motion, plaintiff asserts that defendant's response to the requests to admit was untimely. Specifically, the response was due by July 24, 2017, and defendant served its answers on July 29, 2017. Because the Federal Rules of Civil Procedure are clear regarding the timeline for answering requests to admit and because defendant did not seek an extension from the Court or plaintiff, plaintiff argues that the requests should be deemed admitted or that objections raised by defendant should be waived. In the event the Court is not inclined to take one of those measures, plaintiff addresses the relevancy of each individual request to admit at issue. Plaintiff contends that the requests mainly seek to authenticate certain financial records produced by defendant that were not authenticated at depositions. It is further plaintiff's position that all of the requests are relevant and fall within the appropriate time frame.

Defendant asserts in its response that there was no harm caused by the delay and that precluding defendant's responses would not allow defendant to properly defend itself. Defendant then addresses the individual issues raised by plaintiff. Some objections raised by defendant are with respect to the wording of the requests. According to defendant, certain words and phrases are too broad or pedantic. Defendant contends that plaintiff agreed to amend the requests but has yet to do so. Moreover, defendant objects to admitting or denying that documents are admissible in evidence because various factors, including relevance and foundation, could affect the admissibility of the documents. Further, it is defendant's position that certain requests address documents from 2009-2010, which are outside the scope of the plaintiff's time period.

Turning first to the timeliness of defendant's response, the Court agrees that defendant did not comply with Rule 36(a)(3) when it served its responses outside of the 30-day window. Defendant's references to plaintiff's failure to raise the timeliness argument and the fact that "no harm was caused" are without merit. The Federal Rules of Civil Procedure provide firm guidelines for parties and do not allow for exceptions merely because a party argues that no harm was caused by ignoring the Rules. Nonetheless, we will not risk defendant's ability to properly defend itself based upon its counsel's tardiness by ordering that all requests are deemed admitted. However, given defendant's failure to comply with Rule 36, the Court finds that any objections raised in defendant's responses to the requests to admit have been waived. Notwithstanding the waiver of objections, the Court has reviewed the requests to admit at issue and determined that defendant's objections also are without merit for the reasons stated below. Accordingly, defendant is to amend its responses to requests to admit 1-15, 17-21, 23-28, 30-41, 43-54, and 62-69, and either admit or deny each request within 14 days of this Court's order. Any denial must conform with Federal Rule of Civil Procedure 36(a)(4) and should clearly articulate the reason for denial.

Importantly, defendant cannot deny requests to admit due to the phrasing of certain requests. The Court has reviewed the defendant's issues with particular words and phrases and finds them to be baseless. The intentions of the requests are clear

from the wording of the requests as a whole. Any issues that defendant had with the wording should have been raised prior to defendant's responses.

Further, defendant objects to certain requests to admit due to the 2009-2010 time period of the documents. Although plaintiff asserts that the instructions clearly explain the applicable time period, plaintiff's exhibit containing the requests to admit did not include the actual instructions for the requests. (Mot. at Ex. A.) Nonetheless, the Court finds that documents relating to the 2009-2010 time period are relevant for purposes of these requests to admit. Even if defendant's objections were not deemed waived, the Court would still find the requests to be appropriate. As discussed below, certain issues related to lost profits in 2009-2010 and then gains after plaintiff's purported involvement are relevant to this case.

With respect to whether certain documents may be admissible in evidence, defendant cites to no case law in support of its position that such a request is improper. Moreover, defendant should be familiar with the rules of evidence as well as the documents it produced such that it can make a determination as to whether a document meets the admissibility requirements. Accordingly, defendant's objections with respect to requests to admit 25, 32, 38, 45, 59, and 64 are denied.[1]

**Interrogatories**

Interrogatory Number 1: If PRS contends that PRS's increase in profitability during the period that Resicom and Fairclough were providing business consulting or other services to PRS (October 2011 to January 2014) was due to factors other than the changes implemented or recommendations by Fairclough or Resicom, please state or identify in detail:
    A.    The specific factors that contributed to the increase in profitability […];
    B.    The specific amount the factor contributed to PRS's profitability […];
    C.    Any documents that support or evidence the factor or factors that contributed to the increase in profitability […];
    D.    The person or persons at PRS with knowledge of the factor or factors identified in response to this supplemental interrogatory.

Defendant's answer to interrogatory number 1 generally states that there were a number of factors that contributed to its profitability, that "[t]here can not be any specific amount attributed to discrete separation of factors[,]" and that in some way every document possessed by defendant addresses its profitability. (Mot. at Ex. B at 2.) Plaintiff asserts that defendant's answer to interrogatory number 1 is insufficient because the question addresses defendant's defense to the unjust enrichment claim. It is defendant's position that the interrogatory cannot be answered in any other way because of the complex nature of its business.

---

[1] Defendant also listed requests to admit 5, 12, and 18 in this set of objections; however, request 18 did not relate to this issue. Moreover, defendant did not object to requests 5 and 12 on this basis, instead objecting as to the time frame of the requests.

4

While this Court agrees that certain details may be undefinable given the variety of factors that could affect profitability, we also find that defendant's answer as it stands is too vague. For example, defendant answers, in part, that every employee and principal who worked for defendant would have knowledge of the factors. Although in a general sense this may be true, it is reasonable to expect that certain individuals were more involved in the business than others and would have knowledge of what was done to increase profitability. Moreover, defendant references an increase in customers and paying off loans, which are specific factors that defendant should be able to more clearly address and quantify.

Interrogatory number 1 relates to a significant issue in this case, namely whether defendant's increase in net income was due to services provided by plaintiff. According to plaintiff, defendant went from losing $1.8 million in 2009 and 2010 to generating more than $3.2 million in net income when plaintiff provided services in 2011-2013. (Mot. at 10.) The validity of this statement is not for the Court to determine today, but we do find that information addressing the factors that potentially played into defendant's increased profits is relevant. Importantly, this Court is not privy to all of defendant's business handlings and cannot supply a clear list of information defendant is to provide. Nonetheless, defendant is to amend its answer and more clearly identify the <u>specific</u> factors that contributed to increase in profitability, whether they are new customers, new contracts, loan payments, etc. Defendant is also to provide the specific amounts for these factors, identify any documents that support the information (i.e., new contracts), and identify individuals involved in the decision-making related to the specific factors listed. Defendant is cautioned against using boilerplate explanations that do not provide plaintiff with any specifics as to how defendant increased its profitability.

<u>Interrogatory Number 3</u>

Defendant has provided an amended answer to interrogatory number 3 in its response. Defendant's amended answers to interrogatories 1 and 3 are to be served on plaintiff within 14 days of this Court's order.

**Requests to Produce**

Plaintiff asserts that three individuals acknowledged during their depositions that they were not asked to search for documents responsive to plaintiff's discovery requests. This statement, however, is not supported by any exhibits nor does plaintiff articulate why these three individuals should have been responsible for searching for certain responsive documents. Accordingly, this statement is not supported by sufficient evidence to affect this Court's opinions regarding defendant's discovery production. This Court does note, however, that there appears to be a lack of clarity regarding the documents defendant previously produced in response to discovery and to which discovery requests they relate to. In its response, defendant notes that it has now Bates-stamped previously produced documents. It is unclear whether the Bates-stamped documents have been provided to plaintiff and whether they contain the necessary clarification regarding the discovery requests. Therefore, defendant is to

5

clearly identify which previously produced documents relate to which discovery requests within seven days of this Court's order.

Requests to Produce 1 and 2:

In its response, defendant asserts that while the documents are in plaintiff's possession, it has compiled 2,274 documents and has Bates-stamped the previously produced responsive documents. It is, again, unclear whether these newly compiled documents have been produced. Accordingly, defendant is to produce the documents within seven days of this Court's order and verify that the production contains all responsive documents in defendant's possession.

Request to Produce 3: All documents that support PRS's contention that PRS's increase in profitability during the period that Resicom and Fairclough were providing consulting services to PRS (from October 2011 to January 2014) was due to factors other than changes implemented or recommended by Fairclough or Resicom.

Defendant objected that the request was overly broad and imposed an undue burden. According to plaintiff, this request relates to interrogatory number 1 and defendant's position that it was responsible for its turn-around without the help of Resicom. Plaintiff further argues that if defendant increased its customers on its own initiative defendant should provide that information. Defendant contends in its response that it has not been established that it increased its customers. Furthermore, defendant argues that plaintiff's request seeks every document created over a two and a half year period because they all relate in some way to profitability.

As this Court stated above, information that addresses specific factors that increased defendant's profitability, specifically with respect to implementations not recommended by plaintiff, is relevant to this case. Further, while defendant argues that it has not been established that it increased its customers, its response to interrogatory number 1 specifically lists the increase in customers as one of the many factors contributing to its profitability from October 2011 to January 2014. (Mot. at Ex. B at 2.) We do agree that every document related to defendant's profits during a two and a half year period is burdensome. However, the request on its face is more narrowly tailored and seeks documents that support defendant's position that any increase in its profits was not due to recommendations or changes implemented by Fairclough or Resicom. Defendant was ordered to identify specific factors relating to its profitability in response to interrogatory number 1, and it stands to reason that documents supporting those factors will be relevant to this production request. Therefore, defendant is to provide documents supporting its assertions that it increased its profits without the help of Resicom in response to request to produce 3 within 14 days of this order.

Requests to Produce 5, 6, and 8:

Defendant amended its answers in its response and stated that there are no documents responsive to requests to produce 5, 6, and 8. Accordingly, defendant is to include this amended response in its updated responses to requests to produce.

Request to Produce 7: All documents that relate or evidence that the consulting or other services provided by PRS or Resicom during the period October 2011 to January 2014 were a gift or otherwise provided by Resicom or Fairclough gratuitously.

Plaintiff explains that although defendant asserts that all responsive documents, including internal communications, have been produced, they have not been identified. Therefore, plaintiff asks defendant to identify all documents it has produced that are responsive to this request. In its response, defendant argues that plaintiff seeks internal communications and that there are none. Defendant, however, does not address whether previously produced documents are responsive to the request. Accordingly, within seven days of this Court's order, defendant is to identify all previously produced documents that are responsive to this request and amend its response to reflect that there are no additional responsive documents, including but not limited to internal communications.

Request to Produce 9: All PRS annual and monthly financial statements for the period 2009 to 2011, including but not limited to income statements, balance sheets or other statements of financial condition.

Plaintiff states that during the meet and confer defendant's counsel acknowledged that the objection was in error and that defendant only produced the annual financial statements. Plaintiff now asks that defendant either produces the monthly financial statements or identify the documents that have been produced and are responsive to the request. Defendant contends in its response that plaintiff seeks monthly or weekly financial statements from 2009 through 2011 and that defendant does not have such documents.

Again, the argument made by defendant does not address the full scope of the request. Specifically, defendant does not address plaintiff's request for defendant to clearly identify what previously produced documents are responsive to this request, instead only stating that it does not have the documents. Within seven days of this order, defendant is to provide its amended response, attesting to the fact that there are no remaining documents responsive to the request, including but not limited to monthly financial statements, and identifying any documents that have already been produced that are responsive.

Request to Produce 10:

Defendant states that it agreed to further search for documents and found two that have been provided. In the event the documents were not clearly identified as being responsive to request to produce 10, defendant is to identify them as such and amend its response to this request.

## CONCLUSION

In its response to plaintiff's motion, defendant amended a number of its responses to the requests for production and interrogatory number 3, and it has now been ordered to provide formal amended responses, with the requisite verification. Defendant has had ample time to review this discovery and has asserted that pertinent information has been provided; therefore defendant should be able to meet the deadlines imposed by this Court.

Lastly, plaintiff sought leave to file a reply to its motion to compel [101], referencing a desire to address arguments raised by defendant as well as the timing of depositions in light of defendant's document production. The Court did not require additional information to consider the arguments raised in the initial motion and response. The timing of the depositions was not raised in the initial motion to compel and is not at issue in this present motion. Accordingly, plaintiff's motion for leave to file a reply [101] is denied. Nonetheless, the Court does note that defendant's delayed production of documents, specifically the 2,274 documents just compiled, may affect plaintiff's ability to take complete and thorough depositions. Therefore, should supplemental depositions of Brian and/or Kathleen Larmour be required based solely on defendant's delayed production, defendant is to bear the cost of the depositions. Importantly, plaintiff is not to take advantage of this Court's order; and any evidence that a supplemental deposition is not solely with respect to delayed discovery production will be met with sanctions.

**ENTERED: September 8, 2017**

**Michael T. Mason**
**United States Magistrate Judge**